[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11581
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03412-LMM


MONICA ANNE CAPPETTA,

Plaintiff-Appellant,

versus

NORTH FULTON EYE CENTER,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 15, 2017)

Before ED CARNES, Chief Judge, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Monica Cappetta, proceeding pro se, appeals the district court's grant of

summary judgment in favor of her former employer, North Fulton Eye Center.

Cappetta worked for the Center for seven years before she was fired. She claims that her termination violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, because it was the result of unlawful discrimination. The district court concluded that Cappetta failed to show that she suffered from a disability and that her termination was the result of discrimination. Cappetta contends that the district court erred in granting summary judgment in favor of the Center because she presented evidence to create a genuine issue of material fact that she was disabled, the Center fired her because of that disability, and its proffered reasons for termination are pretextual.

## I.

Cappetta worked as an at-will employee with North Fulton Eye Center from 2007 to 2014.[1] In early 2014, her supervisors noticed that she often arrived late for her shifts. They repeatedly spoke with her about arriving on time, but she continued to come in late for work. When one of the doctors noticed, he threatened to fire her.

Not long after that warning, Cappetta reported to her supervisor that she felt

---

[1] We take the facts from the Center's "Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment," which the magistrate judge deemed admitted. Cappetta objected to the magistrate judge's conclusion, but the district court overruled her objection. In briefing before this Court, Cappetta appears to contest that decision, mentioning it in her "statement of issues," but she does not discuss her challenge in detail or mention it in any other portion of her brief. Because she fails to more fully brief the issue, she has abandoned it. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

pain in her neck and shoulder from lifting a bag filled with patient charts. She saw a physician who diagnosed her with a neck sprain and prescribed a muscle relaxer and anti-inflammatory medication. A second physician prescribed similar medications and ordered an MRI, which showed multiple herniated discs and a compressed spinal cord. He released her to return to work with no restrictions.

In the six weeks after her injury, Cappetta called or texted her supervisor six times saying that she would not be coming into work that day. The Center's employee handbook states that it considers four unscheduled absences in a three-month period excessive. Cappetta did not submit a request to take sick leave and failed to provide a doctor's excuse for all but one of her six absences. Her supervisors met with her again to discuss her excessive absences and gave her the option of moving to a part-time schedule. She declined.

Cappetta continued to arrive late for work. Then one day she left the office early, leaving cash payments unsecured and exposed on her desk in violation of her job duties. The next day the Center placed her on thirty days unpaid leave so that "she could work on her attitude and return to [the Center] as a reliable and productive employee." Her supervisor gave her a letter explaining the Center's performance based reasons for the leave of absence. In that letter the supervisor pointed to her "attendance and severe tardiness problems" and "dereliction of duty" with payments.

At the end of those thirty days, when asked by her supervisor whether anything had changed, Cappetta stated that "nothing has changed."  The next business day, the Center ended her employment and her supervisor prepared a separation notice and letter.  The supervisor also called Cappetta and left a voicemail stating she was being let go because the Center no longer needed as many employees.

Cappetta submitted a discrimination claim to the EEOC.  When it issued a no-cause determination, she filed this suit alleging that her termination was the product of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, and disability discrimination in violation of the ADA.[2] The Center denied her allegations and moved for summary judgment.

That motion was submitted to a magistrate judge who issued a report recommending that summary judgment be granted in favor of the Center.  Cappetta objected to the report and recommendation and attached a copy of her MRI.  After a <u>de novo</u> review of the record, the district court overruled her objection and concluded that Cappetta failed to show that she had a disability under the ADA or that the Center's proffered non-discriminatory reasons for firing her were pretextual.  It then adopted the report and recommendation and granted summary

---

[2] In her brief Cappetta fails to mention her Title VII claims entirely or mentions them only in passing without discussion.  Because she does not properly raise those arguments, they are abandoned.  <u>See</u> <u>Sapuppo</u>, 739 F.3d at 681; <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]hile we read briefs filed by <u>pro</u> <u>se</u> litigants liberally, . . . issues not briefed on appeal by a <u>pro</u> <u>se</u> litigant are deemed abandoned.").

4

judgment in favor of the Center.  Cappetta appealed.

## II.

We review de novo a grant of summary judgment.  Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007).  "Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."  Johnson v. Bd. of Regents, 263 F.3d 1234, 1242 (11th Cir. 2001); see Fed. R. Civ. P. 56(c).  In determining whether the evidence creates a factual dispute, we draw all reasonable inferences in the light most favorable to the nonmoving party.  See Johnson, 263 F.3d at 1242–43.  The moving party bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Once it has met its burden, the burden shifts to the nonmoving party, who "must do more than simply show there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  The nonmoving party may not rest upon mere conclusions or unsupported factual allegations, but must set forth factual issues with a basis in the record.  Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

The ADA prohibits discrimination by an employer against an employee because of a disability in any of the terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).  We analyze ADA discrimination claims

under the McDonnell Douglas burden-shifting framework used in Title VII cases.

See Holly, 492 F.3d at 1255.  Under that analysis, a plaintiff must first make out a

prima facie case of disability discrimination.  Flowers v. Troup Cty., Ga., Sch.

Dist., 803 F.3d 1327, 1336 (11th Cir. 2015), cert. denied sub nom. Flowers v.

Troup Cty., Ga., Sch. Dist., 136 S. Ct. 2510 (2016).  If she does, the burden shifts

to the employer to produce a "legitimate, nondiscriminatory reason" for its action.

Id.  If the employer makes the required showing, "all presumptions drop from the

case," and the employee must show that the employer's proffered reason is pretext

for discrimination.  Id.

The district court found that Cappetta failed to make out the required prima

facie case of disability discrimination because she did not show that she suffered

from a disability or that she was discriminated against because of a disability.  To

establish a prima facie case under the ADA, an employee must show that when the

employer acted she (1) had a disability, (2) was a qualified individual, and (3) was

discriminated against because of her disability.  Holly, 492 F.3d at 1255–56.  We

doubt that Cappetta can satisfy those elements.  But we assume without deciding

that she has shown a prima facie case because we conclude that she failed to create

a genuine issue of material fact that the Center's reasons for firing her are

pretextual.

To show pretext, an employee "cannot recast the reason" that the employer

6

has proffered, but instead "must meet it head on and rebut it," pointing to "weaknesses, implausibilities, incoherencies, or contradictions in the employer's rationale." Holland v. Gee, 677 F.3d 1047, 1055–56 (11th Cir. 2012) (quotation marks omitted). She must present evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1298 (11th Cir. 2006). This Court does not judge whether an employer's decisions are "prudent or fair," and the sole concern is whether unlawful discriminatory animus motivated an employment decision. Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999). If the employer's reason is one that might motivate a reasonable employer, the plaintiff cannot succeed by simply quarrelling with the wisdom of the reason. Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). If an employer proffers more than one legitimate nondiscriminatory reason, the plaintiff must rebut each reason to survive a motion for summary judgment. Id. at 1024–25.

The Center provided four legitimate, non-discriminatory reasons for firing Cappetta: her excessive tardiness and absences, the decreased quality of her job performance, the cash handling violation, and the Center's decreased need for employees. Cappetta's supervisors met with her repeatedly to discuss her performance based problems, and they gave her a letter explaining their concerns

7

when she took the leave of absence.  The day of her termination, her supervisor mailed Cappetta a separation notice and letter and left a voicemail explaining that she was being let go because the Center no longer needed as many workers.

Cappetta does not attempt to rebut those reasons.  She does not deny that she repeatedly arrived late for work, that she took absences without giving notice, or that she committed a cash handling violation.  Instead, she points to her supervisor's voicemail and to the close temporal proximity between her diagnosis and her termination as proof that the Center's proffered reasons are pretextual.  But those arguments do not create a genuine issue of material fact that the Center's stated reasons amount to pretext.

First, Cappetta argues that the rationale given in the voicemail by her supervisor — cutting back on employees — is different from the initial reasons given for the leave of absence and ultimate termination — tardiness, absences, and the cash handling violation.  She asserts that the discrepancy alone raises a genuine issue as to the actual reasons the Center fired her.  But the fact that the Center provided multiple reasons for her termination does not indicate pretext.  See Tidwell v. Carter Products, 135 F.3d 1422, 1428 (11th Cir. 1998) ("The existence of a possible additional nondiscriminatory basis for [an employee's] termination does not [] prove pretext.").  And although we have recognized that "an employer's failure to articulate clearly and consistently the reason for an employee's discharge

8

may serve as evidence of pretext," see Hurlbert, 439 F.3d at 1298, here Cappetta's supervisors consistently gave verbal and written warnings about her workplace violations. The fact that one supervisor also pointed to the needs of the Center does not undermine its consistent concern about her attendance issues, attitude problems, and cash handling violation.[3]

Second, Cappetta argues that the close temporal proximity between her MRI and her suspension demonstrates pretext. We have held that close temporal proximity can be evidence of pretext, but it is not necessarily sufficient on its own. Hurlbert, 439 F.3d at 1298. Cappetta has presented no evidence, other than closeness in time, that the MRI or her diagnosis impacted the Center's decision. And the remaining evidence actually suggests otherwise. The day she had the MRI taken was the same day as the cash handling violation, and the forced leave came after weeks of documented concerns about her attendance and attitude. Given that evidence, the close temporal proximity between her diagnosis and her termination is insufficient to rebut the Center's reasons for her termination. See id.; Wascura v. City of South Miami, 257 F.3d 1238, 1244–45 (11th Cir. 2001).

Cappetta did not present evidence sufficient to create a genuine issue of

---

[3] Cappetta also argues that the Center needed the number of employees it had and sought to hire someone else for her position before her termination, but she does not point to any evidence to support that assertion. Her unsupported statement that the Center's reasoning is false is not sufficient to raise a genuine issue for purposes of summary judgment. See Ellis, 432 F.3d at 1326.

9

material fact that the Center's stated reasons for firing her are pretext.  She has abandoned the remainder of her arguments.[4]  For those reasons, the district court's grant of summary judgment for North Fulton Eye Center is **AFFIRMED.**

---

[4] In her complaint Cappetta asserted multiple related claims under the ADA, but she fails to mention them in her brief.  Because she does not properly raise those arguments, they are abandoned.   See Timson, 518 F.3d at 874 ("[W]hile we read briefs filed by pro se litigants liberally, . . . issues not briefed on appeal by a pro se litigant are deemed abandoned.").